## No. 9322.

### JAMES SWEENEY VS. NICK SEILER & SON.

The Supreme Court has no jurisdiction in a case involving the legality of wharfage dues, unless the amount in dispute exceeds $2000.

The mere question of the constitutionality of a city ordinance does not vest this Court with jurisdiction irrespective of the amount involved,[1] unless the question involves the legality or constitutionality of a fine, forfeiture or penalty imposed by the municipal corporation.

A PPEAL from the First City Court of New Orleans.

*Chas. S. Rice* for Plaintiff and Appellant:

1. The banks of the river are public, and within her corporate limits the city of New Orleans has the exclusive right to control, manage and administer their use for the public convenience and utility. Riparian proprietors have no right to interfere with the exercise of this right. C. C. Arts. 490, 491, 492, 455, 457;' 18 La. 228; Ib. 284; City Charter, Sec. 12 of 1870, Sec. 8 of 1882.

2. The city, and *per consequence* her lessee. has the exclusive right to *all* the profit, utility and advantages produced or producible from the batture or banks of the river, and to make improvements thereon for the convenience of commerce. 34 Ann, 856; 18 Ann. 284; 6 Rob. 349.

3. Wharfage or levee dues are not taxes of tonnage, or regulations of commerce, or obnoxious to the Constitution of the United States; but are lawful charges for conveniences furnished to commerce. 107 U. S. S. C. 692; 20 Wal. 577; 95 U. S. S. C. 80; 100 U. S. 423, 434; 105 U. S. 559; 100 U. S. 430; 16 Fed. Rep. 890; 6 Rob. 349; 2 Ann. 540 to 544; 34 Ann. 857; 30 Ann. 190.

*Farrar & Kruttschnitt* for Defendants and Appellees:

1. A charge of wharfage dues by a city or town will not be maintained and enforced unless it appears from the evidence that it rests on services rendered by the corporation to vessels or boats by means of wharves or wharfage facilities provided and maintained at the expense of the corporation, and by means of which the loading and unloading of boats or vessels is materially and specially facilitated. (See No. 9414, City of Shreveport vs. Red River and Coast Line, decided Monday by this honorable Court.)
2. Under the evidence in this case, it is clear that the defendants made no use of any of the facilities furnished by the plaintiff.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff, who is the lessee of the wharves of the sixth and seventh districts of the city of New Orleans, sues the defendants for wharfage dues amounting to $33, and he has taken this appeal from a judgment rejecting his demand.

The matter in contestation does not involve the constitutionality or legality of any tax, toll or impost, nor does it present the question of the legality or constitutionality of any fine, forfeiture or penalty imposed by a municipal corporation.

True, the ordinance of the city which forms the basis of the claim is assailed by defendants as violative of Article 1 of the Constitution of the United States. But it appears clearly from the pleadings that this is not a claim for tonnage duty, but simply a demand for alleged wharfage dues.

Hence, it follows that we have no jurisdiction of the present controversy. Police Jury of Plaquemine vs. Mitchell, No. 9259, not yet reported.

This conclusion is candidly conceded by appellant's counsel, in a motion in which he suggests that the appeal should be transferred to the court of appeals, for the reason that our jurisdiction has been divested since the "filing of this appeal." But it appears from the record that the order of appeal was made on the 9th of December, 1884, and that the transcript was filed in this Court on the 17th of January, 1885; and we are not aware of any constitutional amendment adopted since either of these dates which purports to affect the jurisdiction of this Court in such matters, or on any other subject. The truth is that this Court has never had jurisdiction over similar cases. Hence, we can enter no valid order but one of dismissal. Of course that order can destroy no right of appeal which plaintiff may successfully urge in any other appellate tribunal.

It is therefore ordered that the appeal taken in this case be dismissed at appellant's costs.